May I please the court and counsel? I'm Randall French. I represent the appellants George and Tina Perry. In this case, we address the jurisdiction of an Article 3 court over criminal contempt sanctions for violation of a discharge injunction. The Perrys had discharged their liability to US Bank in a Chapter 7 bankruptcy proceeding. Sometime later, they obtained a loan in US Bank seized from their bank account, $21,000 to apply to a debt that had been discharged in bankruptcy. The Perrys pursued criminal and civil contempt proceedings before the bankruptcy court starting in 2002. In 2003... Well, the bankruptcy court granted all your compensatory relief that you were seeking, isn't that correct? They did grant all of the compensatory relief seek. And you asked for some punitive damages. Yes. And the bankruptcy court said no, you're not entitled to that relief. It said that as a civil contempt remedy, punitive damages were not available. After Dyer, it said that it had no authority, no jurisdiction to address criminal contempt. So why didn't you appeal that ruling to the district court or to the bank? The ruling that the bankruptcy court could not award punitive damages. In our view, Dyer did make clear that the bankruptcy court could not award punitive damages. I viewed that decision as having... So then you went and you filed a new, an entirely new complaint in district court. Is that correct? Yes, we did do that. We also filed... And what was the cause of action that you asserted in the complaint that you filed in district court? That was a cause of action seeking a criminal contempt against U.S. Bank. We sought to bring before the U.S. Bank... But that case was related to the bankruptcy case, wasn't it? Both arose out of the violation of the discharge injunction. Right. So you also filed a motion to withdraw, and you'd earlier filed a motion to refer the matter, the bankruptcy matter to the district court as well, isn't that correct? That is correct. Okay. At some point, the district court never ruled on the motion to withdraw, isn't that right? That is correct. All right. So was it proper for the district court to go ahead and resolve your complaint? There is an argument... The question is, didn't the bankruptcy court still have jurisdiction over the entire case? Because it was referred to the bankruptcy court, right? Pursuant to Dyer, the bankruptcy court never had jurisdiction over any criminal contempt proceeding. It could not... Well, that was just the relief. Well, the relief, certainly it could not grant punitive damages because that's not part of civil contempt remedies. But there is a separate right or proceeding for criminal contempt, which is completely separate from civil contempt, leads to a separate set of remedies. Well, isn't the way that it happened, there was a motion to withdraw, but the court just heard the whole thing and said, you're out, but then ruled the motion to withdraw as being moot? The district court heard all of the arguments on the merits. And then said it was moot later, the motion to withdraw was moot. Yes. Well, does hearing the argument on the merits sort of imply that it was withdrawing it, or do you actually have to formally act on the motion to withdraw in order to hear it? Or does... Do you see what I'm saying? I do. I think this is the intersection of some tough areas of law. Bankruptcy jurisdiction has been tough for 20 years. Contempt has been tough for a long time. Let me ask you your position. Is it your position that the bankruptcy court had jurisdiction to entertain a petition for criminal contempt? It is our position that the bankruptcy court could not even entertain that petition. It had no jurisdiction whatsoever. Note that in bankruptcy court jurisdiction, Article 3 courts, district courts, have original jurisdiction pursuant to 28 U.S.C. Section 157 that cases can be referred. Pursuant to Section 157C, I believe, there is a distinction between core and non-core matters. Core matters, the bankruptcy court has jurisdiction to decide without any questions. Non-core matters, as I understand it, the bankruptcy court must have the consent of the parties. Isn't this a core matter? Pardon? Isn't this a core matter? Well, it cannot be a core matter, or else there is never criminal contempt for violation of a discharge injunction, because if it's a core matter, bankruptcy courts have jurisdiction, but Dyer says bankruptcy courts have no jurisdiction for criminal contempt. No, bankruptcy courts have jurisdiction, but the remedies are limited. Dyer does not suggest that it's just a matter of remedies. Dyer says that because of the concerns with the exercise of judicial power by a non-Article 3 court, bankruptcy courts have no jurisdiction whatsoever. If Dyer had wanted to cast it in terms of those kinds of issues, that the bankruptcy court did have jurisdiction, but, then it would have been in the core or non-core analysis, the bankruptcy court, or Dyer clearly must have determined that it would not be a core matter, because bankruptcy courts have no jurisdiction. But this all relates to the alleged violation or the violation of the discharge injunction. It does. So isn't that the heart of the bankruptcy proceeding? That's what bankruptcy is all about. The discharge injunction is certainly the heart of the bankruptcy proceeding. And the claim here is that the bank violated that injunction. Yes. And there are two forms of remedy available, civil and criminal. Let me ask you this. Let me ask you another question, sort of, that the compensatory proceeding in the bankruptcy court was ultimately settled. Yes, it was. Right. And the bank agreed to pay a certain amount of money. Yes. Now, if I'm not mistaken, it also the terms of that settlement seem to incorporate any additional money to be paid. Why doesn't that just moot this whole thing? Because criminal contempt is an entirely different separate procedure. But you were seeking additional money. You were seeking punitive damages. And why doesn't that settlement agreement foreclose any other relief? Because that would suggest that a settlement between private parties could prevent a criminal contempt. Well, you're the one who was asking. You're asking the court under criminal contempt to award you punitive damages, correct? Yes. Why would the court even do that in criminal contempt? Doesn't that mean, wouldn't that, if it's a penal fine, doesn't that have to be paid to the court? That may very well be the case. But as I suggested in the brief, it is not the remedy that is sought that is significant. It is, whether it's a criminal contempt or a civil contempt, we're seeking criminal contempt here no matter what the remedies are. We believe that this is a serious violation and that simply a compensatory settlement is not sufficient to get the facts here. Go to the U.S. Attorney and ask the U.S. Attorney to institute the criminal contempt. We could do that. That's one alternative. My question is, did you? We did not. I believe that young Can the district court on it, let's assume for a moment that you properly, that the district court withdrew the reference. Could the district court on its own initiate a criminal contempt proceeding? It could have. It could have. Under Young v. U.S., I believe that the court on its own can initiate. I think that a private party can present to the court facts which would suggest that a criminal contempt proceeding is appropriate. Who's going to prosecute it in front of the jury? Well, that's part of the motion that we also filed. The case law makes clear that there must be an independent prosecutor. So we asked the court to advise the defendant that they had the right to an independent prosecutor and other rights and that they either needed to waive those rights or to make a specific request for them. You actually asked the bankruptcy court for a criminal contempt relief, right? Yes, we did. And the bankruptcy court said, well, I can't give that to you. I don't have the authority or something like that, right? Yes, it might have. As you said earlier, you didn't appeal, right? That is correct. Now, why isn't that an order, res judicata? Because Dyer supports the court's decision and Dyer says that the bankruptcy court did not have any jurisdiction. That's exactly what it said. We have no jurisdiction. So why isn't that a ruling, res judicata? It's res judicata on the issue of whether or not the bankruptcy court has jurisdiction. I don't think that it addresses the merits of whether or not there can be a criminal contempt proceeding here. And to say that there cannot be is to say that no court can issue criminal contempt for a violation of a discharge injunction. That may be the only discharge injunction issued by an Article III court for which criminal contempt does not lie. Under the circumstances, because Dyer did not put this in the context of the bankruptcy court. Let me ask you, you're not suggesting that just because you're seeking criminal contempt that the district court, let's say the district court had withdrawn the case and you asked the district court to hold the bank in criminal contempt or conduct criminal contempt proceedings. You're not suggesting that the district court would have to do that, are you? I am suggesting that at a minimum the district court needs to, I think, address whether it appoints a private attorney or the U.S. attorney. Why couldn't the district court just say I don't think criminal contempt proceedings are appropriate here? Enough is enough. You're fully compensated by the award of compensatory relief in the bankruptcy court. Over and done with. If it had decided the issue on the merits, then we might be here on an appeal as to whether or not that was an abuse of discretion on the facts. Thank you. We appreciate your argument. May it please the Court and counsel, my name is Daniel Green. I'm appearing this morning on behalf of the Appley U.S. Bank. What I'd like to do first is to address the issues raised by the court in its order concerning the jurisdiction of the district court to decide the merits in this case. We would argue that the district court did not have the case properly before it and, therefore, did not have jurisdiction to make a ruling on the merits. The reasoning for that is that once the plaintiff filed its motion to reopen the bankruptcy case, that at that point in time the case was automatically referred to the bankruptcy court under 28 U.S.C. 157a and the Idaho district general order 38. But they did file a motion to withdraw it. They did file a motion to withdraw the reference. It was never granted. Now, the court spent some time with the parties, and so the court wasn't, you know, the court obviously thought it was hearing the case. The district court? Yes. Yes, the district court, there is authority that the district court can impliedly grant or deny a motion to withdraw the reference. And we believe that the district court did have jurisdiction to rule on the motion to withdraw the reference to the bankruptcy court. And even though the decision doesn't specifically say that, we believe that's, in effect, what the decision does. The decision, in effect, denies the plaintiff's motion to withdraw the reference and dismiss the case, which was what the U.S. Bank was part of before this case. Wait a minute. Denies the motion to withdraw or denies the motion on the merits? Well, the decision talks about the motion. The underlying motion. Yes. The decision talks, doesn't talk specifically about the motion to withdraw the reference. It must have granted it. That's what I think. For the case.  So can't you argue that it implicitly withdrew the reference and then addressed the merits? You could argue. Of the underlying motion. That's correct. Yes, you could. So if that's the case, then, you know, it properly addressed the merits, properly withdrew the case, properly addressed the merits. If that's the case. And the merits are before us. That's correct. If the district court granted the motion to withdraw the reference, then it did have jurisdiction to determine the merits. And we believe it properly determined the merits. Well, you agree that the district court properly addressed the merits in this case? Well, the district court's opinion didn't specifically say that it granted the motion to withdraw the reference. I understand and recognize that it could impliedly have granted that motion and decided the merits. If that's what the decision did. We don't have an opinion that explicitly says that. We don't. We don't. And it seems like that's a possibility. Well, didn't the court deny that motion then? Well, the court then found the motion to be moot, which meant that, I mean, wouldn't it be an argument from that inference that it was moot because the court had in fact, you know, by virtue of addressing the merits, withdrawn it? Right. Right. That could be inferred. And if that's the case, then it just we believe the district court then did have proper jurisdiction to determine the case on the merits, and it properly did determine the case. There's also another way of looking at this whole thing, which is this, that, one, I myself don't think there's much question that a bankruptcy court has no jurisdiction to impose criminal contempt. Right. Criminal contempt at least with a fine that's over $500 or something like that, you know, the defense entitled to the full penalty of the constitutional protections like jury trial. Right? Right to jury trial. Correct. Right to, as he says, an independent prosecutor and so forth. And the bankruptcy court has no jurisdiction to say, for instance, you know, order somebody into jail for criminal contempt for a year. Right? Right. So if you start with the premise that a bankruptcy court has no jurisdiction to entertain a criminal contempt proceeding, then there's no need to withdraw the reference because you can infer that that kind of proceeding is never referred to the bankruptcy court. In other words, it's something over which a district court always retains original jurisdiction, so it's proper to make the motion to the district court. Isn't that another way to approach this? We don't believe that is proper. Why not? Your Honor, and the reason for that is, is the only statutory authority. It doesn't have to be statutory. It can be part of the court's inherent power. Well, the inherent power needs to be in chambers. In the United States Supreme Court case, the court held that the ---- No, it doesn't have to be in chambers. I mean, you know, arising from the violation of a court order. Well, the court order was issued by the bankruptcy court. Which is a subordinate unit of the district court. That's correct. And the proper way to get it back in front of the district court is to motion to withdraw the reference while the case is currently in bankruptcy. You don't have to get it back because the bankruptcy court has no jurisdiction. Well, the case was referred to the bankruptcy court. All of the case over which a bankruptcy court would have jurisdiction, but you don't refer to something over which a bankruptcy court has no jurisdiction. Well, and if there's a question on bankruptcy court's jurisdiction, the proper method to get it to the district court is to withdraw the reference. But you seem to suggest at the bottom line that the district court, as Judge Callahan has suggested, impliedly withdrew the reference by addressing the merits of the motion. I think that could be argued, yes. That could be argued. Now, would you agree that assuming the district court properly withdrew the reference, taking that approach for a moment, that the district court could impose criminal contempt? No, Your Honor, I don't. Under its inherent powers? Contempt is always an available remedy for the district court. It is. Once it has jurisdiction, it's got jurisdiction here. In order to use its inherent powers to do that, which I agree, it's possible that it could, I would mention, as I indicated in the Chambers case, of course, the Court, Supreme Court, indicated that a court should use its inherent powers with restraint and that if there is a rule that adequately addresses the concern that the rule should be followed. In this case, this Court has held in the dire case that Section 105 is an appropriate remedy for a violation of the discharge injunction. That is a remedy provided by Congress where a violation of a discharge injunction is 105, which is civil contempt. But that all arose in the bankruptcy court, dire. Dire proceedings involve the bankruptcy court. That's right. I'm talking about the district court. Right. And I think the district court. You're talking about an Article III judge. I don't think the district court, as the Court indicated in the, I believe, the Walls case, is that the district court, by ruling on or awarding criminal contempt, would in effect be legislating. In other words, Congress set forth in the bankruptcy code what the remedy will be. And it's possible and the district court could change it, but in so doing, it would be usurping what Congress has indicated as the appropriate remedy in the bankruptcy code. As the Court indicated, the civil contempt sanction allows for compensatory damages, attorney's fees, and ensures that the provisions of the bankruptcy code will be enforced. And the Court felt that that is sufficient and the appropriate remedy for a violation of the discharge injunction, unlike Section 362H for a violation of the automatic stay, which does specifically provide for punitive damages. Congress felt that for a violation of the discharge injunction, that was not appropriate, that was not necessary to adequately enforce the statute. Let me ask you another question. What effect does the bankruptcy court's judgment on September 4th have on all of this? That was the judgment that the – it was a stipulated judgment. Right. And in there, it says – let's see. I'll just have it. There's language in that judgment. It's 164. That's it. Yes. It says on – right. 164, exactly. Right. It says plaintiffs are awarded X amount of money for any and all claims for costs, attorney's fees, compensatory damages, and noncompensatory fines. That's correct. So what – how does that affect all of this? Well, it's our position that that ended the matter, that the parties agreed that the amounts that were paid were also for noncompensatory fines and that by – and that was res judicata as to the complaint filed in the district court. How about just moot? Or moot. Yes. It rendered the matter moot. It had been decided. It had been – there was a judgment entered which took care of the issues. Okay. Thank you. Thank you, Your Honor. Stand by. 30 seconds. Yes, Your Honor. Two points. First of all, the judgment that was entered in September was after a – the complaint had been filed in the U.S. District Court that did not address at all the pending complaint in the U.S. District Court. Second, Section 105A has been read to give bankruptcy courts civil contempt power. In my view, that simply is the interpretation given by the Court to affect the idea that to enforce its judgments and orders, the least amount of power necessary should be used. Thank you. That's why it does not address criminal complaint. Thank you. We appreciate your arguments. The matter will be submitted. Next case on the argument calendar is a cutter.
judges: Tashima, Paez, Callahan